IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DEBORAH A. DOOLEY,**

    **Plaintiff,**

**v.** // **CIVIL ACTION NO. 1:14CV2**
                                       (Judge Keeley)

**MATRIX ABSENCE MANAGEMENT,
INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS AS MOOT AND GRANTING MOTION TO STRIKE [DKT. NO. 4]

Pending before the Court is the partial motion to dismiss and motion to strike extracontractual damages (dkt. no. 4) filed by the defendant, Matrix Absence Management, Inc. ("Matrix"). For the following reasons, the Court **DENIES** the motion to dismiss as **MOOT** and **GRANTS** the motion to strike.

### I. Factual Background

The <u>pro se</u> plaintiff, Deborah Dooley ("Dooley"),[1] is a beneficiary of a Short Term Disability Plan (the "Plan") provided by her former employer, Mylan Pharmaceuticals, Inc., and administered by Matrix. On January 28, 2013, she filed a claim for disability benefits with Matrix, which denied the claim and her subsequent appeal.

On January 2, 2014, Dooley sued Matrix, alleging three causes of action. In her complaint, she first asserts a cause of action

---

[1] On May 28, 2014, the Court granted counsel for Dooley permission to withdraw from representation.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS AS MOOT AND GRANTING MOTION TO STRIKE [DKT. NO. 4]**

under the Employment Retirement Income Security Act of 1974 ("ERISA"), § 1132(a)(1)(B), to recover benefits allegedly due her under the Plan. Second, she alleges entitlement to attorneys' fees under ERISA, § 1132(g)(1). Third, she alleges common law bad faith and violation of the West Virginia Unfair Trade Practices Act (the "UTPA"). In her prayer for relief, Dooley seeks, <u>inter alia</u>, "[a]ll damages, compensatory or general, allowed by West Virginia law and under <u>Hayseeds</u> . . . and its progeny." (Dkt. No. 1 at 9).

On April 15, 2014, Matrix moved to dismiss the state law claims on the basis of complete preemption, and moved to strike the prayer for extracontractual damages as unrecoverable under ERISA. Although Dooley did not respond to the motion, on May 2, 2014, she voluntarily dismissed her third cause of action for bad faith and violation of the UTPA, thereby mooting Matrix's motion to dismiss.

**II. Legal Standard**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and are infrequently granted. <u>Clark v. Milam</u>, 152 F.R.D. 66, 70 (S.D.W. Va. 1993); <u>First Fin. Sav. Bank v. Am. Bankers Ins. Co.</u>, 783 F.Supp. 963, 966 (E.D.N.C. 1991). "Before granting a motion to strike, a

**DOOLEY V. MATRIX ABSENCE MANAGEMENT, INC.**             **1:14CV2**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS AS MOOT AND GRANTING MOTION TO STRIKE [DKT. NO. 4]**

Court must be convinced 'there are no questions of fact, that any questions of law are clear, and that under no set of circumstances could the defense succeed.'" Clark, 152 F.R.D. at 70 (quoting BA Mortg. & Int'l Realty v. Am. Nat'l Bank, 706 F.Supp. 1364, 1375-76 (N.D. Ill. 1989)). However, when a party succeeds in establishing the immateriality of a pleading, the Court should grant a motion to strike "to avoid unnecessary time and money in litigating invalid, spurious issues." Clark, 152 F.R.D. at 70 (quoting Spell v. McDaniel, 591 F.Supp. 1090, 1112 (E.D.N.C. 1984)).

**III. Analysis**

At the outset, the Court addresses whether ERISA covers the Plan. The parties agree that the Plan in controversy is an employee welfare benefit plan under ERISA. (Dkt. Nos. 1 at 1, 6 at 1). ERISA defines an "employee welfare benefit plan" as an insurance program maintained by an employer and providing participants and their beneficiaries with certain benefits, including disability benefits. See § 1002(1)(A). Furthermore, ERISA expressly covers employee welfare benefit plans. See § 1003(a). Therefore, Dooley's claims for benefits and damages under the Plan are governed by ERISA.

Because ERISA applies, the Court next considers whether ERISA

3

**DOOLEY V. MATRIX ABSENCE MANAGEMENT, INC.**                1:14CV2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION
TO DISMISS AS MOOT AND GRANTING MOTION TO STRIKE [DKT. NO. 4]**

completely preempts the application of West Virginia law to the Plan. The Supreme Court of the United States has held that ERISA preempts any state law claim that "duplicates, supplements, or supplants" ERISA's carefully constructed remedy scheme. Aetna Health Inc. v. Davlia, 542 U.S. 200, 208 (2004). Aetna established a two-pronged test to determine whether a cause of action is completely preempted by ERISA: "[(1) the plaintiff] could have brought his claim under ERISA § 502(a)(1)(B), and . . . [ (2) ] there is no other independent legal duty that is implicated by the defendant's actions . . . ." Diven v. Fairmont Gen. Hosp., No. 1:11CV27, 2011 WL 7431715, at *3 (N.D.W. Va., Nov. 23, 2011) (citing Aetna, 542 U.S. at 210).

In this case, both prongs of the Aetna test are satisfied. First, Dooley brought her claim under the civil enforcement provision of ERISA to recover benefits allegedly due under the Plan. Second, she has not alleged a legal duty beyond the administration of the Plan. Therefore, ERISA exclusively controls Dooley's claims.

Next, the Court turns to whether ERISA allows a plaintiff to recover the extracontractual damages Dooley seeks in her complaint. In Massachusetts Mut. Life Ins. v. Russell, 473 U.S. 134, 148 (1985), the Court held that "in § 409(a) [i.e., § 1109(a)] Congress

4

**DOOLEY V. MATRIX ABSENCE MANAGEMENT, INC.** 1:14CV2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS AS MOOT AND GRANTING MOTION TO STRIKE [DKT. NO. 4]**

did not provide, and did not intend the judiciary to imply, a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims." In 1990, the Fourth Circuit extended this holding to § 1132. See Reinking v. Philadelphia Am. Life Ins. Co., 910 F.2d 1210 (4th Cir. 1990), overruled on other grounds by Quesinberry v. Life Ins. Co., 987 F.2d 1017 (4th Cir. 1992); see also Farrie v. Charles Town Races, Inc., 901 F.Supp. 1101 (N.D.W. Va. 1995) ("[T]he great weight of authority and the political climate require reading ERISA to exclude [compensatory and punitive damages].").

Here, although Dooley voluntarily dismissed her state law claims, the associated damages were left behind. The prayer for relief in her complaint seeks Hayseeds,[2] compensatory, and general damages. As established by the case law, however, such extracontractual damages are not recoverable under ERISA.

**IV. Conclusion**

Because ERISA governs the Plan and completely preempts West Virginia law, Dooley may only recover those damages provided under

---

[2] Under West Virginia law, "when a policyholder substantially prevails in a property damage suit against an insurer, the policyholder is entitled to damages for net economic loss caused by the delay in settlement, as well as an award for aggravation and inconvenience." Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73, 80 (W. Va. 1986).

5

**DOOLEY V. MATRIX ABSENCE MANAGEMENT, INC.**                 **1:14CV2**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION
TO DISMISS AS MOOT AND GRANTING MOTION TO STRIKE [DKT. NO. 4]**

ERISA, which do not include the extracontractual damages sought in her complaint. Therefore, for the reasons discussed, the Court **DENIES** Matrix's motion to dismiss as **MOOT,** and **GRANTS** Matrix's motion to strike.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail, return receipt requested.

DATED: June 5, 2014

                                      /s/ Irene M. Keeley
                                      IRENE M. KEELEY
                                      UNITED STATES DISTRICT JUDGE